1997 OK 118

**Paul CLEMENTS and Marsha Mehring, Personal Representatives of the Estate of Thomas M. Mehring, Deceased, Plaintiffs–Appellants,**

v.

**ONEOK RESOURCES COMPANY and Kaiser–Francis Oil Company, Defendants–Appellees.**

No. 86987.

Supreme Court of Oklahoma.

Sept. 30, 1997.

John M. Nelson, Charles W. Park, Park, Nelson, Caywood & Park, Chickasha, for Plaintiffs–Appellants.

Thomas J. Kirby, Rebecca Brett, Arrington, Kihle, Gaberino & Dunn, Tulsa, for Defendant–Appellee, ONEOK Resources Company.

Frederick Dorwart, J. Michael Medina, Richard J. Cipolla, Jr., Frederic Dorwart, Lawyers, Tulsa, for Defendant–Appellee, Kaiser–Francis Oil Company.

Robin Stead, Donald F. Heath, Jr., Stead & Heath, Oklahoma City, for Amicus Curiae, National Association of Royalty Owners, Inc. and the Oklahoma chapter of the National Association of Royalty Owners, Inc.

W. Bland Williamson, Pray, Walker, Jackman, Williamson & Marlar, P.C., Tulsa, for Amicus Curiae, Oklahoma Independent Petroleum Association.

WATT, Judge.

¶1 On August 3, 1995, the personal representatives of the estate of Thomas M. Mehring, deceased sued ONEOK Resources Company and Kaiser–Francis Oil Company. The Mehrings claimed that Kaiser–Francis was liable to them because Kaiser–Francis failed to pay amounts owed under an overriding royalty interest, and concealed the existence of a well in which Kaiser–Francis was the operator. The Mehrings' claim against ONEOK was based on the fact that ONEOK was the successor in interest to the lease in which its predecessor had granted Mehring his overriding royalty interest. The Mehring's also alleged that ONEOK concealed the existence of the well.

¶2 ONEOK and Kaiser–Francis each moved to dismiss the Mehrings petition on the ground that it was barred by the statute of limitations. The trial court granted ONEOK's and Kaiser–Francis's motions to dismiss and entered an Order of Dismissal, dated November 28, 1995, and filed January 18, 1996.

¶3 In its Order of Dismissal the trial court stated that it was persuaded by the Court of Civil Appeals's opinion in *Goodall v. Trigg Drilling Company, Inc.*, No. 83,195 (April 11, 1995). In *Goodall* the Court of Civil Appeals reversed a trial court order that had granted summary judgment for Goodall, an overriding royalty interest owner, against Trigg, the operator, on the ground that Goodall's action was time barred. The Court of Civil Appeals held that the trial court should have granted Trigg's motion for summary judgment because the statute of limitations barred Goodall's claim. *Goodall*, was heard by the trial judge who granted ONEOK's and Kaiser–Francis' dismissal motions here.

¶4 We vacated the Court of Civil Appeals's opinion and reversed the trial court in *Goodall v. Trigg*, 1997 OK 74, 944 P.2d 292 (1997). We held that a cause of action may exist where the record owner of an overriding royalty interest can prove that a gas well operator concealed from the royalty owner that payments to the owner were due, although the owner did not sue until more than five years after production from the well had ceased, but that whether such a claim was sustainable in *Goodall* was a question of fact.

¶5 In their petition the Mehrings alleged that ONEOK and Kaiser–Francis failed to inform them of, or pay them proceeds from, a gas well, although the Mehrings were the record owners of an overriding royalty interest covering production from the well. The Mehrings alleged that the defendants did so "knowingly and intentionally and with gross

recklessness." The Mehrings also alleged that the defendants' misconduct constituted "breaches of statutory, fiduciary and other duties." The Mehrings claimed that they did not learn of the existence of the well until 1993. Thus, if the applicable statute of limitations runs from this date, the Mehrings' cause of action is not barred.

¶6 The issues between the Mehrings and Kaiser–Francis are virtually identical to those before us in *Goodall.* Kaiser–Francis claims that *Goodall* doesn't apply because the Mehrings' petition for certiorari failed to raise any issue but whether ONEOK and Kaiser–Francis owed a fiduciary duty to the Mehrings. Kaiser–Francis's interpretation of the Mehrings' certiorari petition is unduly restrictive. In their certiorari petition the Mehrings urged that the issues here are essentially similar to those presented in *Goodall.* Because this case arises from a dismissal of the Mehrings' action, we hold that their certiorari petition preserved for our review their claimed right to prove and rely on any allegation set out in their trial court petition, which included an allegation that ONEOK and Kaiser–Francis breached "statutory, fiduciary, and other duties."

¶7 ONEOK claims that the issues as to it are different from those presented in *Goodall* because ONEOK was not the operator of the well. While this is so, the fact that ONEOK was not the operator does not deprive the Mehrings of the right to elicit proof from which a trier of fact could conclude that ONEOK "had a duty to inform" the Mehrings of production. *Goodall,* ¶12.

¶8 The Mehrings' allegations, if proved, may establish an actionable claim against both ONEOK and Kaiser–Francis. Upon remand the trial court is, therefore, instructed to allow discovery to go forward and, if disputed issues of material fact are developed, to proceed to trial.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND MATTER REMANDED WITH INSTRUCTIONS.

HODGES, LAVENDER, OPALA, ALMA WILSON and WATT, JJ., concur.

KAUGER, C.J., and SUMMERS, V.C.J., concur in result.

SIMMS and HARGRAVE, JJ., dissent.

SUMMERS, Vice Chief Justice, concurring in result.

¶1 My views on the respective duties and obligations of parties similarly aligned with respect to notice and the statute of limitations appear in my separate opinion, concurring in result, in *Goodall v. Trigg,* 1997 OK 74, 944 P.2d 292, 295.